UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 05-335 (JMR/FLN)

_____

United States of America,

        Plaintiff,

vs.

Bruce W. Betcher,

        Defendant.

MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO
CONTINUE TRIAL SETTING

_____

    The Sixth Amendment of the United States Constitution guarantees a defendant the right to assistance of counsel in his defense.  In applying this right the courts have recognized that the mere appointment or employment of a licensed practitioner of law does not in itself satisfy the mandate of the Sixth Amendment.  The assistance of counsel presumes that counsel perform in his professional capacity.  A mere <u>pro forma</u> appearance is insufficient.  <u>Powell v. State of Alabama</u>, 287 U.S. 45, 58 (1932).  In order to effectively assist his client trial counsel must exercise the skills and diligence that a reasonably competent attorney would perform under similar circumstances. <u>United States v. Easter</u>, 539 F.2d 663, 666 (8th Cir. 1976).

    Pretrial preparation is probably the cornerstone of an adequate defense.  In <u>Wolfs v. Britton</u>, 509 F.2d 304, 309 (8th Cir. 1975), the court approvingly cited the <u>en banc</u> Third Circuit's language from <u>Moore v. United States</u>, 432 F.2d 730, 735, 739 (3rd Cir. 1970):

> Adequate preparation for trial often may
> be a more important element in the
> effective assistance of counsel to which
> a defendant is entitled than the

> forensic skill exhibited in the courtroom. The careful investigation of a case and the thoughtful analysis of the information it yields may disclose evidence of which even the defendant is unaware and may suggest issues and tactics at trial which would otherwise not emerge.
>
> * * *
>
> . . .The exercise of the utmost skill during the trial is not enough if counsel has neglected the necessary investigation and preparation of the case or failed to interview essential witnesses or to arrange their attendance.

Such investigation is the ethical duty of an attorney. See DR 6-101(a)(2), A.B.A. Code of Professional Responsibility. See also Benson v. United States, 552 F.2d 223 (8th Cir. 1977); Rinehart v. Brewer, 561 F.2d 126 (8th Cir. 1977); United States v. Olson, 697 F.2d 273 (8th Cir. 1983).

In determining whether to grant a motion of continuance this court's attention has been drawn to five factors:

> (1) The nature of the case and whether the parties have been allowed adequate time for trial preparation;
>
> (2) The diligence of the party requesting the continuance;
>
> (3) The conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;
>
> (4) The effect of the continuance and whether a delay will seriously disadvantage either party;
>
> (5) The asserted need for the continuance, with weight to be given to sudden exigencies and unforeseen circumstances.

See United States v. Bernhardt, 642 F.2d 251, 253 (8th Cir. 1981); United States v. Little, 567 F.2d 346, 348-349 (8th Cir. 1977).

Thus, counsel requests that the court continue the trial of the case for a minimum of sixty (60) days beyond the January 2, 2006 trial date and declare pursuant to Title 18, United States Code, §3161(h)(8)(A) and (B)(ii) that such time is excludible in the interest of justice.

Dated: 30 November 2005            Respectfully submitted,

                                              s/Thomas H. Shiah
Thomas H. Shiah #100365
247 Third Avenue South
Minneapolis, MN 55415
(612) 338-0066

ATTORNEY FOR DEFENDANT